## DRATH v. DEITZ.

1. ERROR WITHOUT PREJUDICE to the appellant is no cause for the reversal of a cause.

2. ERROR BY REFEREE. An error committed by a referee, before whom a cause was tried, if corrected by the District Court, is no sufficient cause for the reversal of the judgment by the Supreme Court.

3. JUDGMENT ON REPORT OF REFEREE. When a referee in his report sustained the demand of plaintiff and rejected the entire defense, set up by the defendant, without stating the exact sum due the plaintiff, and also reported the entire evidence to the District Court, it was held that the Court did not err as assessing the sum due to the plaintiff from defendant, and in rendering judgment thereon.

*Appeal from Polk District Court.*

MONDAY, DECEMBER 28.

To the action (which is founded upon a promissory note), defendant pleaded payment. The referee, to whom the

cause was submitted, found for plaintiff. This finding against defendant's objection was confirmed, and he appeals.

*Casady & Polk* for the appellant.

*S. Sibley* for the appellee.

WRIGHT, J.—It is first insisted that there was error in overruling the objections, made to certain interrogatories propounded to the defendant on his cross-examination. This is well answered by the fact that the testimony elicited is favorable to defendant. However objectionable the interrogatory, therefore, whether in form or substance, defendant has no cause for complaint. Error without prejudice is no cause for reversal.

II. The referee reported that the amount of plaintiff's money should draw interest at ten per cent. No such order was made in the District Court, however, and the error in this respect, therefore, was corrected. In this connection it is also objected that the referee failed to find any specific amount; that the Court, therefore, had no right to enter judgment thereon, and that the judgment finally entered was for too much. There was no denial during the entire trial and proceedings, of plaintiff's right to recover the full amount of the note, if defendant did not sustain his defense. The referee found against defendant on this issue, and that plaintiff was entitled to recover $———, without stating the amount. In the District Court, all the testimony being returned, the amount was assessed, which is within a few cents of the sum actually due; under rather than over the true amount. In this there was no error. The appeal is from the judgment of the Court and not the finding of the referee.

III. Does the testimony warrant the judgment? We think so, most certainly.

Instead of being against, the judgment clearly accords with all the facts developed.

Affirmed.